UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CRIMINAL NO. 23-CR-003-DLB-01

UNITED STATES OF AMERICA                                                                 PLAINTIFF

vs.

MICHAEL HUEY                                                                                      DEFENDANT

**SENTENCING MEMORANDUM**
**ON BEHALF OF MICHAEL HUEY**

* * * * * * *

**Introduction**

    Michael Huey stands before this Court, ready to face judgment. As the Court considers the appropriate sentence, he respectfully asks this Court to consider all parts of his life. Mr. Huey does not look to evade accountability for his earlier unlawful actions. Michael Huey readily admitted his crime. On May 9, 2023, he took responsibility by pleading guilty to the sole count of a one-count Indictment under a Rule 11(c)(1)(B) written plea agreement for Distribution of Child Pornography.[1] Mr. Huey embraces the consequences of his actions. His regrettable conduct weighs heavily on him, covering him profoundly with shame and sorrow.

    As this Court considers his sentence, we respectfully ask this Honorable Court to consider the totality of Mr. Huey's circumstances, particularly his remarkable military history and the profound challenges posed by his poor health and advancing age, given the factors outlined in 18 U.S.C. § 3553(a). Michael Huey, through counsel, respectfully submits this Sentencing Memorandum to give the Court an outline of factors to consider in determining a suitable sentence for him that is sufficient but not greater than necessary and aligns with

---

[1] PSR, p. 3, ¶ 4.

sentencing factors of 18 USC § 3553(a).  Although U.S. Probation has calculated a guideline imprisonment range of 240 months, we suggest that a guideline-based sentence would not be suitable.[2]  This memorandum explains why we respectfully ask this Court to consider a variance, allowing a sentence of less than 240 months.

**Mr. Huey Served in the United States Army for 26 Years and Worked for the DOD for 17**

Mr. Huey served in the United States Army for 26 years, receiving an honorable discharge.[3]  After his Army career, he also worked as a trainer for the Department of Defense as a civilian contractor for 17 years.[4]  Both jobs served our great country.

Mr. Huey is a decorated Army veteran.   He received the Meritorious Service Medal five times, the Army Commendation Medal twice, and the Army Achievement Medal twice, to name a few of his awards.[5]

As the Court knows from Mr. Huey's PSR, he has PTSD.[6]  What perhaps isn't known is one of the reasons he has PTSD.

While in the Army, during a training exercise for tank maneuvers, a particular well-known tank was making a high-speed maneuver when the engine caught fire.  Smoke filled the compartment of the tank.  Three crew members climbed out and escaped the smoke and heat, but one young man, 18, didn't.  Without hesitation, Mr. Huey ran to the tank and climbed inside.  He found the young man, but he had passed.  Mr. Huey still remembers the look of the young soldier's face.  This experience haunts Mr. Huey.  This experience, and others from his military career, are the reasons Mr. Huey suffers from night terrors.[7]

---

[2] PSR, p. 11, ¶ 78.
[3] *Id.* at p. 10, ¶ 69.
[4] *Id.*
[5] *Id.* at ¶ 70.
[6] *Id.* at p. 9, ¶ 57.
[7] *Id.*

**No Previous Criminal History**

Mr. Huey has no experience with law enforcement. U.S. Probation states, "[T]he defendant's lack of criminal convictions results in a subtotal criminal history score of zero."[8] Recognizing a life lived without legal missteps until now allows for a sentencing approach that focuses on punishment and the potential for redemption and safeguarding our community's future. In this light, Mr. Huey asks this Court to consider his lack of criminal history as a reason to vary downward from 240 months.

**Mr. Huey Has Numerous Health Issues**

Mr. Huey is 66. Mr. He usually uses a cane when he walks.[9] Because of the physical demands of the Army, he has arthritis and degenerative joint issues.[10] Mr. Huey has had ankle, shoulder, wrist, and back surgeries.[11] He has burns on his neck and back from crawling into the burning tank. Because of the lung injury, Mr. Huey has asthma.[12] To combat his lung issue, he uses a CPAP machine, inhalers, and nebulizer treatments.[13] He suffers from acid reflux and an enlarged prostate.[14] Various Veterans Administration doctors saw him for his condition.

Given Mr. Huey's age and extensive medical challenges, including severe injuries from military service, multiple surgeries, respiratory issues requiring specialized equipment, and other health conditions managed through ongoing care, a downward variance in sentencing guidelines is requested. His health issues significantly affect his daily life. Recognizing the limitations imposed by his physical condition, a reduced sentence from 240 months would ensure justice is

---

[8] PSR, p. 7, ¶ 42.
[9] *Id.* at p. 9, ¶ 56.
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*

served in a way that is both humane and accommodative of his significant medical needs, reflecting the unique circumstances of his case.

**Conclusion**

Given the comprehensive factors, this memorandum respectfully requests that the Court grant a variance from the recommended 240-month sentence for Mr. Michael Huey. This request arises from a deep consideration of his profound military service to our nation, his later health challenges, and his lack of earlier criminal history rather than a dismissal of his accountability for his actions. Mr. Huey's life story is one of dedication, sacrifice, and now, regret and accountability for his actions.

The sentencing guidelines serve as a framework to ensure justice is served. However, they also give the Court the discretion to consider the unique parts of each case. In Mr. Huey's case, his exceptional service, severe health conditions, and advanced age present compelling reasons for a sentencing approach that emphasizes rehabilitation and recognizes the capacity for positive contribution to society.

Granting a downward variance would not diminish the seriousness of Mr. Huey's offense but would allow for a just and fair sentence reflecting the totality of his circumstances. It is a request for a sentence that is sufficient but not greater than necessary to meet the goals of punishment, deterrence, and rehabilitation.

Therefore, we respectfully ask this Court to consider these factors and grant a variance, imposing a sentence less than the calculated guideline of 240 months.

Respectfully submitted,

s/Frank M. Mungo (KBA#: 87540)
Attorney for Defendant
7310 Turfway Rd., Suite 550
Florence, Kentucky 41042

## CERTIFICATE OF SERVICE

I certify that I sent a copy of the above document on April 2, 2024, via the CM/ECF.

s/Frank M. Mungo